Filed 9/17/15; pub. order 10/13/15 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MOBILE MEDICAL SERVICES FOR PHYSICIANS AND ADVANCED PRACTICE NURSES, INC., | G050111 |
| Plaintiff and Respondent, | (Super. Ct. No. 30-2013-00679894) |
| v. | O P I N I O N |
| CHALAT RAJARAM, | |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Peter J. Wilson, Judge.  Reversed and remanded with directions.

Kamala D. Harris, Attorney General, Kathleen A. Kenealy, Chief Assistant Attorney General, Kristin Hogue, Assistant Attorney General, John P. Devine and Paul T. Hammerness, Deputy Attorneys General, for Defendant and Appellant.

Cummins & White and James R. Wakefield for Plaintiff and Respondent.

\*        \*        \*

Jill Shelton (Shelton), Mobile Medical Services for Physicians and Advanced Practice Nurses, Inc. (NPS),[1] and Mobile Medical Services for Physicians and Advanced Practice Nurses, Inc., a Nursing Corporation (MMS; collectively plaintiffs) filed a complaint against defendant Chalat Rajaram. The complaint was based on defendant's statements to the California Nursing Board (Board) that led to the investigation of Shelton.

The trial court granted defendant's special motion to strike the complaint (anti-SLAPP motion; Code Civ. Proc., § 425.16; section 425.16), granting leave to amend one cause of action for breach of contract. After NPS filed an amended complaint for breach of contract, defendant filed another anti-SLAPP motion, which the court denied.

Defendant appeals, contending the amended breach of contract cause of action is a sham because NPS merely eliminated the offending allegations from the original complaint. Defendant argues the amended breach of contract cause of action seeks to impose liability on him based solely on his statements to the Board. Thus, he asserts, the court erred in denying the anti-SLAPP motion.

We conclude there was no authority for the court to grant leave to amend the original complaint. Therefore, we reverse and remand with directions to the court to grant defendant's original motion to strike without leave to amend.

## FACTS AND PROCEDURAL HISTORY

According to the complaint, Shelton is licensed as a registered nurse, public health nurse, nurse practitioner, and public health furnishing nurse practitioner. During the relevant time period she was an officer of NPS.

The complaint alleged NPS and MMS were licensed healthcare providers. NPS had contracts with the Pat Moore Foundation (Pat Moore) and Morningside Recovery Detox Center (Morningside), drug and alcohol rehabilitation facilities, to

_____

[1] NPS was formerly known as Nurse Practitioner Services for Advance Practice Nursing, Inc.

2

provide outpatient services by nurse practitioners.  Defendant was the medical director of Pat Moore.

Plaintiffs pleaded that in 2006 and thereafter through 2009 defendant entered into an annual agreement with NPS entitled Standardized Procedures for the Nurse Practitioners at the Pat Moore Foundation (Pat Moore Agreement).  In 2009 defendant and NPS entered into an agreement entitled Standardized Procedures for the Nurse Practitioners at Morningside Recovery Detox Center (Morningside Agreement).  In 2010 defendant and NPS entered into an agreement entitled Standardized Procedures for the Nurse Practitioners at Nurse Practitioner Services for Advanced Practice Nursing, Inc., a Mobile Health Care Unit (Standardized Procedures Agreement; all three collectively the Agreements).  The Agreements were intended to define the nurse practitioners' scope of practice.  In addition, the Agreements provided defendant and Shelton were to collaborate with each other.

The complaint also alleged the Agreements contained policies and procedures regarding dispensing medications for internal and addiction medicine practices, including Subutex and Suboxone, used for detoxification, and other Schedule III and IV drugs to treat narcotic dependence.  Defendant had a Drug Addiction Treatment Act (DATA) 2000 number from 2006 through 2011 and authorized plaintiffs to use it to order controlled narcotics.

According to the complaint, from 2007 through mid-2011, defendant collaborated with NPS and Shelton in the fields of internal and addiction medicine and performed under the Agreements.

The complaint alleged that in 2012 defendant made false and unprivileged statements to the Board, denying collaboration with Shelton and NPS as to addiction medicine including:  (1) defendant told Shelton and NPS he was collaborating solely as to internal medicine and had never practiced addiction medicine; (2) Shelton and NPS used defendant's DATA 2000 number to order certain controlled substances for patients at Pat

3

Moore and Morningside without his authorization; (3) Shelton and NPS's use of his DATA 2000 number was intended to be temporary; and (4) defendant never collaborated with Shelton or NPS about prescribing controlled substances to patients at Pat Moore or Morningside. Based on defendant's statements, the Board began a disciplinary action against Shelton, alleging a variety of unprofessional conduct and statutory violations, seeking to revoke her licenses.

Plaintiffs filed a complaint for slander per se, trade libel, intentional and negligent interference with prospective economic advantage, intentional and negligent infliction of emotional distress, and breach of contract.

All of the causes of action were based on defendant's alleged false statements to the Board. The breach of contract action, brought solely by NPS, pleaded that "[a]s shown by [defendant's] unprivileged statements" as alleged, defendant "breached The Agreements by failing to and refusing to collaborate with Shelton and NPS regarding addiction medicine as required by The Agreements." "As a result of [defendant's] . . . breach of The Agreements, . . . The Board commenced disciplinary action against Shelton . . . ."

Defendant filed an anti-SLAPP motion, arguing each cause of action was based on the communications he allegedly made to the Board, which are protected speech under section 425.16. Defendant also asserted plaintiffs could not establish the probability of prevailing because his alleged statements were absolutely protected under Civil Code section 47, subdivision (b) because they were made in a quasi-judicial proceeding, under Civil Code section 43.8, because they were made to a professional licensing board, and under Civil Code section 47, subdivision (c), because they were made to an interested person.

In opposition, plaintiffs filed the declaration of Shelton, that attached as an exhibit a letter from defendant wherein he cancelled his "collaborator agreement" (Cancellation Letter) and stated he had collaborated with Shelton and NPS as to internal

4

medicine only, but not addiction medicine. The Cancellation Letter further stated defendant never ordered any of the controlled narcotics or advised plaintiffs as to their use.

Plaintiffs argued the Cancellation Letter had nothing to do with defendant's alleged statements to the Board and was "evidence to support the allegations" in the complaint. They also pointed to Shelton's declaration where she stated NPS had paid defendant a monthly fee, evidencing its damages.

The court granted the original motion. It found defendant's statements to the Board were absolutely privileged under Civil Code section 47, subdivision (b) because they were made in connection with a legislative, executive or judicial or other legally authorized official proceeding and were made to a public body charged with investigating wrongful conduct. Further, the communications were part of an investigation that could lead to future action by the Board. The court found Shelton's alleged damages were directly linked to the Board's action against her licenses. As to any of defendant's statements not protected by Civil Code section 47, subdivision (b), plaintiffs failed to demonstrate a probability of success as to all causes of action, including the breach of contract cause of action "as presently alleged."

The court gave plaintiffs leave to amend the breach of contract cause of action "to allege[] breach(es) other than and not intertwined with the prior allegations of alleged false reports to the Nursing Board."

NPS filed an amended complaint containing one cause of action for breach of contract. It pleaded the Agreements and defendant's duties thereunder. It also alleged the Cancellation Letter.

Further, the amended complaint alleged that by sending the Cancellation Letter defendant breached the Agreements "by failing and refusing to collaborate with Shelton and NPS in the field of addiction medicine" even though NPS had paid him a fee. As a result, NPS lost contracts with rehabilitation facilities.

5

Defendant filed another anti-SLAPP motion. He argued that the conduct described in the amended breach of contract cause of action was still protected speech under section 425.16 because it all arose out of defendant's alleged statements to the Board. He further asserted that merely eliminating the offending allegations contained in the original breach of contract claim was improper and did not save the cause of action in the amended complaint.

The court denied the motion, finding that defendant failed to show his alleged conduct was protected activity under section 425.16. The only conduct alleged in the amended complaint was sending the Cancellation Letter. The court also ruled the amended cause of action was not a sham pleading because the new allegations did not contradict those in the original cause of action but instead complied with its prior order the complaint be amended to allege breaches "other than and not intertwined with the prior allegations of false reports" to the Board.

## DISCUSSION

### 1. Standard of Review

Section 425.16, subdivision (b)(1) provides that a cause of action against a person arising from an act in furtherance of a constitutionally protected right of free speech may be stricken unless the plaintiff establishes the probability she will prevail on the claim. There is a two-step analysis under this section. First, we must determine whether the defendant has met the burden to show "'the challenged cause of action is one arising from protected activity.'" (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 733.) Second, we must decide whether plaintiff has met the burden to show the likelihood of prevailing on the claim. (*Ibid*.) We review an order denying an anti-SLAPP motion de novo. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325-326.)

### 2. *The Original Motion Should Have Been Granted Without Allowing Leave to Amend.*

An "'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes:

(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law[ and] (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law . . . ." (§ 425.16, subd. (e)(1), (2).) "'A defendant meets [his initial] burden by demonstrating that the act underlying the plaintiff's cause fits one of the[se] categories . . . .' [Citation]." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88.)

As to all causes of action in the initial complaint, the court found defendant had met the burden to show the statements made to the Board were acts in furtherance of his right of free speech. Shelton, NPS, and MMS did not appeal from that ruling.

The court further found that to the extent defendant's statements were not absolutely privileged under Civil Code section 47, subdivision (b), there was no evidence to show NPS had a probability of success on the cause of action for "breach of contract (as presently alleged)." The court granted NPS leave to amend to a breach of contract "other than and not intertwined with the prior allegations of alleged false reports" to the Board. This was error.

Once the trial court has determined the speech at issue is constitutionally protected, it may not grant leave to amend to omit facts to take the claim out of the protection of section 425.16. (*Simmons v. Allstate Ins. Co.* (2001) 92 Cal.App.4th 1068, 1073.) Allowing an amendment "once the court finds the prima facie showing has been met would completely undermine the statute by providing the pleader a ready escape from section 425.16's quick dismissal remedy. Instead of having to show a probability of success on the merits, the SLAPP plaintiff would be able to go back to the drawing board with a second opportunity to disguise the vexatious nature of the suit through more artful pleading." (*Ibid*.)

This is exactly what happened here. The court specifically gave leave to amend the breach of contract cause of action to "allege[] breach(es) other than and not

7

intertwined with the prior allegations of alleged false reports to the Nursing Board." The effect was to allow NPS to plead around the protected speech alleged in the original complaint.

One case has held a plaintiff may amend the complaint to correct a defect going to the probability of prevailing, regardless of a showing of protected speech. "By definition . . . when the plaintiff demonstrates a probability of prevailing on the merits, his or her complaint is not a SLAPP." (*Nguyen-Lam v. Cao* (2009) 171 Cal.App.4th 858, 870-871.) But an amendment to show the likelihood of prevailing is based on the protected speech already alleged in the complaint.

It appears the court here couched the right to amend in the context of allegations to show the probability of prevailing. But plainly it was not. The ordered amendment was to allege breach separate and apart from allegations of false statements.

During the argument on the motion at issue, the court stated that when ruling on the first motion, it was "apparent . . . there were potentially commingled protected and unprotected activity. [¶] I didn't identify which was which, I just said you can amend if you can amend [*sic*] unprotected activity." "The notion that every otherwise run of the mill breach is subject to a SLAPP motion because it happened in a timeframe during which there was protected activity, I reject."

Even assuming the court could order an amendment to a cause of action containing both protected and unprotected speech, which we do not decide, there was no allegation of nonprotected activity constituting a breach of contract in the original complaint. Rather, the alleged breach was directly and exclusively tied to statements defendant allegedly made to the Board. Further, the alleged damages all related to Shelton's potential discipline.

Thus, there was no basis for the court to grant leave to amend the complaint. The order granting the motion to strike the original complaint found all the speech was protected and there was no probability plaintiffs would prevail on the

8

complaint as alleged.  The original motion to strike should have been granted in its entirety without allowing leave to amend.

Therefore, the order denying the motion to strike the first amended complaint must be reversed and the case remanded for the court to enter a new order granting defendant's original motion to strike without qualification.

## DISPOSITION

The order is reversed and the matter is remanded to the superior court to enter an order granting defendant's original anti-SLAPP motion without leave to amend. Defendant is entitled to costs on appeal.


THOMPSON, J.

WE CONCUR:


MOORE, ACTING P. J.


IKOLA, J.

9

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MOBILE MEDICAL SERVICES FOR PHYSICIANS AND ADVANCED PRACTICE NURSES, INC., | G050111 |
| Plaintiff and Respondent, | (Super. Ct. No. 30-2013-00679894) |
| v. | O R D E R |
| CHALAT RAJARAM, | |
| Defendant and Appellant. | |


Appellant Chalat Rajaram and his attorney, the California Attorney General, Kamala D. Harris, have requested that our opinion, filed on September 17, 2015, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED.


THOMPSON, J.

WE CONCUR:


MOORE, ACTING P. J.


IKOLA, J.